AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>TYQUAN ARMSTRONG,<br><br>Defendant(s) | )<br>)<br>)  Case No.  1:22-MJ-296-DJS<br>)<br>)<br>)<br>)<br>) |

FILED U.S. DISTRICT COURT - N.D. OF N.Y.
JUN 15 2022
AT_____ O'CLOCK
John M. Domurad, Clerk - Albany

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of June 15, 2022, in the county of Schenectady in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Felon in possession of a firearm and ammunition |

This criminal complaint is based on these facts:
See attached sheet.

☒    Continued on the attached sheet.

_____
Complainant's signature
Joseph Fazioli, ATF Task Force Officer
Printed name and title

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: June 15, 2022                    _____
                                        Judge's signature

City and State:  Albany, NY            Hon. Daniel J. Stewart, U.S. Magistrate Judge
                                        Printed name and title

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Joseph Fazioli, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1. This affidavit is made in support of a criminal complaint charging TYQUAN ARMSTRONG with violating 18 U.S.C. § 922(g) (Felon in Possession of a Firearm and Ammunition).

2. I am a Task Force Officer ("TFO") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in Albany, New York, and have been since January 2020. I have been a law enforcement officer in the Troy Police Department in Troy, New York ("TPD") since July 2015, and a detective in the TPD since January 2020.

3. During my tenure with the ATF and TPD, I have participated in numerous narcotics and firearms investigations during the course of which I have conducted physical and electronic surveillance, executed search warrants, and reviewed and analyzed recorded conversations and records of drug traffickers. I have also received formal and informal training concerning drug investigations, federal law pertaining to firearm and drug offenses, report writing, drug identification, surveillance, and undercover operations. I have participated in numerous investigations of criminal organizations and have gained valuable experience making numerous drug and firearm arrests, conducting searches, conducting surveillance, and personally interviewing, interrogating and debriefing numerous subjects and sources about the possession, trafficking, concealment and distribution of drugs and firearms. Additionally, I have worked on several investigations involving the possession, concealment and sale of firearms that have led to

the arrest and successful prosecution of offenders. I have also been the affiant on or have assisted on previously served search warrants that have led to the seizure of illegally possessed firearms.

4.      The facts in this affidavit come from my personal observations and investigation, information and reports received as well as discussion with other law enforcement officers and agents, as well as my training and experience. Because this affidavit is being submitted for the limited purpose of supporting a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that ARMSTRONG has violated 18 U.S.C. § 922(g) (Felon in Possession of a Firearm and Ammunition).

## PROBABLE CAUSE

5.      On June 15, 2022, law enforcement executed a search warrant at 1410 Curry Road, Building 2, Apt. 232, Rotterdam, New York 12306. At the residence, where ARMSTRONG lives alone, law enforcement located approximately seven (7) pounds of marijuana, thousands of dollars in cash, a loaded Taurus .357 revolver bearing serial number DM72152, a personally manufactured .22 caliber semiautomatic firearm, and boxes of .357 ammunition. The Taurus revolver was located under a couch cushion at the residence. After being advised of his *Miranda* rights, ARMSTRONG admitted to having taken both firearms to the residence and to knowing they were both present at the residence. ARMSTRONG also acknowledge that he had been sentenced to and had served over a year in prison. As part of my investigation, I have been informed by an Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives who has expertise concerning the manufacturing of firearms that the Taurus revolver and the brands of .357 ammunition that were located were not manufactured in the state of New York.

6. ARMSTRONG's criminal history includes (1) a felony conviction or Attempted Second Degree Assault in New York County Supreme Court from 1995 for which he was sentenced to a period of between 16 months and four (4) years of imprisonment and (2) a felony conviction for Third Degree Criminal Sale of a Controlled Substance in Kings County Supreme Court from December 2001 for which he was sentenced to a period of between 54 months to nine (9) years of imprisonment.

## CONCLUSION

7. I respectfully submit that this affidavit supports probable cause for a criminal complaint charging ARMSTRONG with a violating 18 U.S.C. § 922(g) (Felon in Possession of a Firearm and Ammunition).

Attest to by the affiant

Joseph Fazioli
ATF Task Force Officer

I hereby acknowledge that this affidavit was attested by the affiant in accordance with Federal Rule of Criminal Procedure 4.1.

Sworn to before me this 15th day of June 2022.

Hon. Daniel J. Stewart
U.S. Magistrate Judge